**BOGEN COMMUNICATIONS, INC.,**
**In The Matter Of Arbitration**
**Between**

**v.**

**TRI–SIGNAL INTEGRATION, INC.,**
**In The Matter Of Arbitration**
**Between**

**160**

Bogen Communications,
Inc., Appellant.

No. 06–1987.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) March 27, 2007.

Filed April 13, 2007.

George R. Hirsch, Bressler, Amery &
Ross, Morristown, NJ, for Bogen Commu-
nications, Inc.

Alan E. Kraus, Latham & Watkins,
Newark, NJ, for Tri–Signal Integration,
Inc.

Before: RENDELL, BARRY, and
CHAGARES, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Bogen Communications, Inc. ("Bogen")
appeals from an order of the District
Court for the District of New Jersey deny-
ing its Petition to Compel Arbitration.
Because the dispute that Bogen seeks to
arbitrate arose more than two years after
the expiration of the contract containing
the arbitration clause, we will affirm.

Bogen, a manufacturer and seller of
sound systems and telephone peripherals,
authorized Tri–Signal Integration, Inc.
("Tri–Signal"), a company that specializes
in the design and installation of fire safety
and communications systems, to distribute
sound systems in California. The two
companies entered into a written contract
that included an arbitration clause. The
contract expressly stated that it would ter-
minate on December 31, 2000, and that it
could be renewed only through a writing
signed by both parties.

After the contract expired, the compa-
nies continued to do business together, but
they conducted their relationship on mate-
rially different terms. Bogen no longer
required Tri–Signal to (1) attend and par-
ticipate in training courses; (2) submit
business plans and market reports; (3)
meet quarterly to establish performance
criteria; or (4) provide annual financial
statements. In addition, Bogen allowed
Tri–Signal to pay on credit and expanded
Tri–Signal's territory to include Sacramen-
to and San Diego Counties.

Beginning on May 7, 2003, more than
two years after the contract expired, Bo-

gen sent Tri–Signal a series of termination letters. These letters did not accord with the notice or opportunity to cure provisions contained in the original contract.[1]

On November 12, 2004, Tri–Signal sued Bogen, alleging a series of claims stemming from the termination letters that included breach of an implied-in-fact contract but not breach of the original contract. On December 14, 2004, Bogen filed a Demand for Arbitration and on December 21, 2004, filed a Petition to Compel Arbitration. The District Court found that none of Tri–Signal's claims was based on Bogen's actions during the term of the original contract and denied the Petition. As noted above, it is this order from which Bogen appeals.

We have jurisdiction over the District Court's denial of Bogen's Petition to Compel Arbitration pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(1)(B). We exercise plenary review because the construction of a contract constitutes a legal question. *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 53 n. 2 (3d Cir.2001).

Despite well-established policy considerations favoring the enforcement of arbitration agreements under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., a party can only be required to arbitrate if "that party has entered into a written agreement to arbitrate that covers the dispute." *Bel–Ray Co., Inc. v. Chemrite Ltd.*, 181 F.3d 435, 440 (3d Cir.1999); *see also* 9 U.S.C. § 2. "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

The District Court did not err in refusing to order arbitration because Bogen chose not to renew the contract that contained the arbitration clause. The dispute over termination did not arise until more than two years after the original contract expired and does not relate back to that contract.

Bogen relies on *Luden's Inc. v. Local Union No. 6 of the Bakery, Confectionery and Tobacco Workers' International Union of America*, 28 F.3d 347 (3d Cir.1994), to argue that in continuing to do business together after the contract expired, the companies' conduct gave rise to an implied-in-fact agreement containing an arbitration clause. *Luden's*, however, was decided by us in the context of a labor dispute, where the parties had engaged in extensive negotiations concerning the extension of a collective bargaining agreement.[2] *Id.* at 350–51. The employer and union in *Luden's* intended to renew their agreement and intended for it to contain an arbitration clause. *Id.* at 356. Indeed, the litigation concerned retroactive wages for the period between the expiration of the old agreement and the ratification of the new one, both of which contained an arbitration clause. *Id.* at 349, 356. Here, by contrast, the companies neither signed a new contract nor evi-

---

1. The contract had specified sixty days' notice for a termination for cause and had provided for the opportunity to cure any alleged breach.

2. The four Third Circuit cases that cite *Luden's* also involve labor unions and collective bargaining agreements. *See Durham Life Ins.* *Co. v. Evans*, 166 F.3d 139, 159 (3d Cir.1999); *Graphic Communs. Int'l Union, Local 735–S v. North Am. Directory Corp. II*, 98 F.3d 97, 100 (3d Cir.1996); *McQuestion v. New Jersey Transit Rail Operations*, 30 F.3d 388, 393 (3d Cir.1994); *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 399 (3d Cir.1994).

denced any continuing intention to arbitrate disputes.

The order of the District Court will be affirmed.